# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TOMMIE LEE JACKSON, JR.,

    Petitioner,

vs.                                           Case No.:    3:19-cv-629-J-32MCR
                                                                       3:09-cr-129-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

    Before the Court is Petitioner Tommie Lee Jackson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1).[1] Petitioner challenges his sentence based on the First Step Act of 2018 and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). He also alleges that counsel gave ineffective assistance by failing to address mental health issues, and that the Court should have referred Petitioner for a psychological evaluation. The government filed a response in opposition. (Civ. Doc. 4). Petitioner replied by moving for the appointment of counsel. (Civ. Doc. 5). The case is ripe for a decision.

---

[1] Citations to the record in the criminal case, United States vs. Tommie Lee Jackson, No. 3:09-cr-129-J-32MCR, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:19-cv-629-J-32MCR, will be denoted "Civ. Doc. __." The Court will cite the page number designated by CM/ECF.

1

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the motion. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that the facts he alleges are true, he still would not be entitled to any relief). For the reasons below, Petitioner's § 2255 Motion and Motion to Appoint Counsel are due to be denied.

**I.    Background**

On May 13, 2009, a federal grand jury returned a two-count indictment against Petitioner. (Crim. Doc. 1, Indictment). Count One charged him with conspiracy to distribute 500 grams or more of powder cocaine and 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846 (2009).[2] Count Two charged him with possession of five grams or more of crack cocaine with intent to distribute, in violation of §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).

On June 10, 2009, the United States filed an Information to Establish Prior Conviction under 21 U.S.C. § 851. (Crim. Doc. 25, § 851 Information). The

---

[2]    In 2009, conspiracy to distribute 500 grams or more of powder cocaine was punishable under § 841(b)(1)(B), while conspiracy to distribute 50 grams or more of crack cocaine was subject to heightened penalties under § 841(b)(1)(A).

2

United States alleged that in 2003, Petitioner was convicted in Duval County, Florida of two counts of selling cocaine. (Crim. Doc. 25 at 1) (Petitioner did not dispute the existence or validity of this conviction). Under the version of § 841(b) in effect at the time, this prior conviction increased the mandatory minimum sentence for conspiracy to distribute 50 grams or more of crack cocaine from 10 years' imprisonment to 20 years (while the maximum sentence of life imprisonment remained unchanged). 21 U.S.C. § 841(b)(1)(A) (2009).

Later that month, Petitioner pleaded guilty to Count One of the Indictment pursuant to a written plea agreement. (Crim. Doc. 29, Plea Agreement). Specifically, Petitioner pleaded guilty to conspiring to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Id. at 2).[3] Petitioner admitted that between October 2008 and January 2009, he and two coconspirators sold at least 50 grams of crack cocaine and at least 500 grams of powder cocaine to undercover narcotics officers at two residential locations in Jacksonville, Florida. (Id. at 14-16). The Magistrate Judge who presided over the change-of-plea colloquy reported that

> [a]fter cautioning and examining Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense.

---

[3]   Sections A.2 and A.3 of the Plea Agreement struck the part of Count One involving conspiracy to distribute 500 grams or more of powder cocaine (id. at 2), but such facts remained part of the factual basis (see id. at 14-16).

3

(Crim. Doc. 30, Report and Recommendation Concerning Guilty Plea). The Court accepted Petitioner's plea of guilty and adjudicated him accordingly. (Crim. Doc. 31, Acceptance of Guilty Plea).

On August 3, 2010 – after Petitioner pleaded guilty but before he was sentenced – President Obama signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The law's purpose was to reduce the sentencing disparity between offenses involving crack cocaine and those involving powder cocaine. As relevant here, Section 2 of the Fair Sentencing Act increased the amount of crack cocaine necessary to incur 21 U.S.C. § 841(b)(1)(A)'s penalties from 50 grams to 280 grams. Fair Sentencing Act of 2010, § 2(a)(1).

Petitioner appeared before the Court for sentencing on August 31, 2011. (Crim. Doc. 81, Sentencing Transcript). The first topic the Court addressed was whether the Fair Sentencing Act applied to Petitioner. After discussion with the parties, the Court determined that the Fair Sentencing Act did apply, such that Petitioner would be sentenced with the benefit of the new law. (Crim. Doc. 81 at 3-12). Because Petitioner admitted only to conspiracy to distribute 50 grams of crack cocaine, and because the actual amount of crack cocaine was 125 grams, the Court applied § 841(b)(1)(B)'s less severe penalty provisions instead of § 841(b)(1)(A)'s. (See id. at 10-11). Petitioner affirmed the existence and validity of his 2003 convictions for the sale of cocaine. (Id. at 11-14). With the recidivist

4

enhancement still in place, the Court determined that Petitioner's statutory sentencing range was 10 years to life in prison, rather than the previous range of 20 years to life. (See id. at 15); see also 21 U.S.C. § 841(b)(1)(B) (2010).

Having determined the applicable mandatory minimum and maximum penalties, the Court addressed the sentencing guidelines calculation, the government's motion for a substantial assistance reduction, and Petitioner's sentencing arguments under 18 U.S.C. § 3553(a). According to the Presentence Investigation Report (PSR), Petitioner's advisory sentencing range was 262 to 327 months in prison, based on a total offense level of 34 and a Criminal History Category of VI. (Crim. Doc. 81 at 16); (see also PSR at ¶ 109).[4] Without objection, the Court adopted the PSR's calculation of the guidelines range before turning to the government's substantial assistance motion. (Crim. Doc. 81 at 16-17). The United States moved for a two-level reduction under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on Petitioner's cooperation in a narcotics case, an arms trafficking case, and several homicide investigations – although only the narcotics case resulted in a conviction. (See Crim. Doc. 47, Substantial Assistance Motion; Crim. Doc. 81 at 17-20). Ultimately, the Court granted the § 5K1.1 motion and awarded Petitioner a four-level reduction, lowering his guidelines range to 168 to 210 months. (Crim. Doc. 81 at 52). The Court

---

[4] Petitioner was classified as a career offender under U.S.S.G. § 4B1.1, which largely drove the guidelines calculation. (See PSR at ¶¶ 48-51, 74).

5

sentenced Petitioner within the reduced guidelines range to a term of 180 months in prison, followed by a 10-year term of supervised release. (Id. at 52-53; Crim. Doc. 74, Judgment).

Petitioner did not object to the sentence (Crim. Doc. 81 at 55), nor did he appeal the judgment entered on September 1, 2009. As such, Petitioner's conviction and sentence became final on September 15, 2009, when time expired to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A); Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). Petitioner filed the instant § 2255 Motion about ten years later, in May 2019.

## II. Discussion

Under 28 U.S.C. § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 authorizes a district court to grant collateral relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeds the maximum authorized by law; and (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamental as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). "[A] collateral attack is the preferred

6

vehicle for an ineffective-assistance claim." United States v. Padgett, 917 F.3d 1312, 1318 (11th Cir. 2019).

To establish ineffective assistance of counsel, a § 2255 petitioner must show both: (1) that his counsel's performance was constitutionally deficient, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Martin v. United States, 949 F.3d 662, 667 (11th Cir. 2020). In determining whether counsel was deficient, "[t]he standard for effective assistance of counsel is reasonableness, not perfection." Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019) (citing Strickland, 466 U.S. at 687). "In the light of the 'strong presumption' that counsel's actions [fell] within the wide range of constitutionally adequate assistance, a movant 'must establish that no competent counsel would have taken the [challenged] action.'" Khan v. United States, 928 F.3d 1264, 1272 (11th Cir.) (quoting Chandler v. United States, 218 F.3d 1305, 1314-15 (11th Cir. 2000) (en banc)), cert. dismissed, 140 S. Ct. 339 (2019). To demonstrate prejudice, the petitioner must show a reasonable likelihood that the result of the proceeding would have been different but for counsel's error. Martin, 949 F.3d at 667 (citing Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). The Court considers the totality of the evidence in determining whether a petitioner has established deficient performance and prejudice. Strickland, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry

7

in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may move to vacate, set aside, or correct his sentence within a one-year limitations period. 28 U.S.C. § 2255(f). The statute of limitations runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(1)).

**A. Ground One**

First, Petitioner asserts that he is entitled to relief under Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and the First Step Act of 2018. (Civ. Doc. 1 at

8

3). However, the allegations in Ground One are entirely conclusory. Petitioner fails to elaborate on either alleged basis for relief. As such, this claim does not warrant relief. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (a petitioner is not entitled to an evidentiary hearing, let alone habeas relief, when his claims are merely conclusory allegations unsupported by specifics).

In any event, Sessions v. Dimaya is not relevant to Petitioner's case. In Dimaya, the Supreme Court held that 18 U.S.C. § 16(b)'s definition of the term "crime of violence," as applied in immigration cases, is unconstitutionally vague. 138 S. Ct. at 1223. The following year, the Supreme Court extended Dimaya and held that the same definition of the term "crime of violence" found in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2323-24 (2019). However, Petitioner was not convicted of any offense involving § 16(b)'s or § 924(c)(3)(B)'s definition of the term "crime of violence." Therefore, Dimaya offers Petitioner no basis for relief.

**B. Ground Two**

Petitioner asserts two separate claims under Ground Two. First, he alleges that he is entitled to relief under Section 404 of the First Step Act of 2018. (Civ. Doc. 1 at 4). Petitioner claims that the First Step Act lowered the applicable mandatory minimum sentence from 20 years in prison to 15 years in prison, and thus that his sentence should be reduced. (Id.). This allegation also

9

seems to invoke Section 401(a)(2) of the First Step Act, which is discussed further below.[5]

Second, Petitioner claims that his "attorney never addressed my mental health issues nor did the court send me out to be evaluated." (Id.). Petitioner does not elaborate on this claim. He points the Court to "FBOP/ federal holdover psychology reports," but he did not submit such reports for the Court's review, nor does he describe the contents of these reports. (Id.). The Court construes this claim as asserting that counsel gave ineffective assistance by failing to request a competency evaluation, or by failing to present mental health mitigation at the sentencing hearing, and that the Court erred by failing to refer Petitioner for a competency evaluation.

With respect to the First Step Act, Petitioner is not entitled to relief under Section 404 or Section 401. Section 404 calls for retroactive application of Sections 2 and 3 of the Fair Sentencing Act of 2010.[6]

> The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum

---

[5] The Court assumes, for the sake of discussion, that Petitioner's claim for relief based on the First Step Act of 2018 is timely under 28 U.S.C. § 2255(f)(4).

[6] Section 3 of the Fair Sentencing Act of 2010 eliminated mandatory minimum sentences for simple drug possession under 21 U.S.C. § 844(a). Section 3 is not relevant.

10

> from 5 grams to 28 grams. Id. § 2(a)(1)-(2). Then, § 404 of the First Step Act made these changes retroactive to prisoners convicted on or before August 3, 2010. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The First Step Act authorizes the court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed." Id. § 404(b). Under the First Step Act, a "covered offense" includes a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 of the Fair Sentencing Act of 2010, that was committed prior to August 3, 2010. Id. § 404(a).

United States v. Means, 787 F. App'x 999, 1000–01 (11th Cir. 2019). Notably though, Section 404 provides that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." First Step Act, § 404(c).

Petitioner is not entitled to relief under Section 404 of the First Step Act because he was sentenced with the benefit of the Fair Sentencing Act. Early in the sentencing hearing, the Court decided that the Fair Sentencing Act applied to Petitioner. (Crim. Doc. 81 at 3-12). Because the actual amount of crack cocaine was 125 grams, the Court applied § 841(b)(1)(B)'s less severe penalty provisions instead of § 841(b)(1)(A)'s. (See id. at 10-11). Since Petitioner had a prior felony drug conviction, the Court found that the statutory sentencing range under § 841(b)(1)(B) was 10 years to life in prison, down from § 841(b)(1)(A)'s range of 20 years to life. (See id. at 15); see also 21 U.S.C. § 841(b)(1)(B) (2010). Indeed, Petitioner filed a motion in 2012 for a sentence

11

reduction based on Amendment 750 to the United States Sentencing Guidelines (Crim. Doc. 76), which the Court denied because "Defendant's sentence was imposed after August 3, 2010, the effective date of the Fair Sentencing Act of 2010. Therefore, at the time of sentencing, the defendant received both the statutory and the guideline benefits of the [Fair Sentencing Act], and Amendment 750 is not applicable." (Crim. Doc. 91 at 1). As such, Section 404 does not afford Petitioner relief.

Section 401 of the First Step Act offers Petitioner no relief either. Section 401 amended 21 U.S.C. §§ 841(b)(1) and 802(57) by redefining the type of prior conviction that triggers the enhanced penalties for repeat offenders. Section 401 requires that a defendant have one or more prior convictions for a "serious drug offense" rather than any "felony drug offense." First Step Act, §§ 401(a)(1), (a)(2). Additionally, Section 401 reduced the penalty enhancements under 21 U.S.C. § 841(b)(1)(A) for repeat offenders. The mandatory minimum fell from 20 years in prison to 15 years for those who have one prior conviction, and from a mandatory sentence of life imprisonment to a mandatory minimum of 25 years for those with two prior convictions. First Step Act, § 401(a)(2). "However, this portion of the First Step Act was not made retroactive to defendants who were sentenced before the Act's enactment on December 21, 2018." Means, 787 F. App'x at 1001 (citing First Step Act, § 401(c)). As such, Petitioner cannot benefit from Section 401. Moreover, Petitioner ignores that he was not

12

sentenced under § 841(b)(1)(A)'s former 20-to-life sentencing range. (See Civ. Doc. 1 at 4). Rather, he was sentenced under § 841(b)(1)(B)'s 10-to-life recidivist sentencing range, which the First Step Act did not change.

Turning to Petitioner's claims regarding ineffective assistance of counsel and incompetency, these claims are time-barred. Petitioner alleges that counsel failed to address his mental health issues and that the Court did not send him for a competency evaluation. (Civ. Doc. 1 at 4). However, Petitioner did not raise these arguments until he filed the § 2255 Motion in 2019, ten years after his conviction and sentence became final. As such, these claims are time-barred under 28 U.S.C. § 2255(f)(1). Petitioner does not allege that the extended limitations periods under §§ 2255(f)(2)-(4) are applicable. Indeed, Petitioner would have been aware of the facts underlying these claims from the date the judgment was entered. Petitioner fails to explain why he did not raise the ineffective assistance and competency claims earlier, instead citing only the passage of the First Step Act, Sessions v. Dimaya, and "ineffective[ness] of attorney." (Civ. Doc. 1 at 8). As such, these claims are due to be dismissed as untimely.[7]

Accordingly, it is hereby **ORDERED**:

---

[7] Petitioner vaguely hints at other claims of ineffective assistance (Civ. Doc. 1 at 3, 4, 5), but these claims are too undeveloped to warrant relief and would likely be time-barred as well.

1. Petitioner Tommie Lee Jackson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED IN PART** and **DISMISSED IN PART**.
2. Petitioner's Motion to Appoint Counsel (Civ. Doc. 5) is **DENIED**.
3. The Clerk shall enter judgment in favor of the United States and against Petitioner, and close the file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is

14

not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of February, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Counsel of record
Pro se petitioner
Clerk of Court, United States Court of Appeals for the Eleventh Circuit